## LOUIS C. STRATES *vs.* ANNIE KENIRY.

Worcester. September 30, 1918. — December 18, 1918.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Construction. *Landlord and Tenant.*

The owner of a building on Park Avenue in Worcester which contained eight or more stores, one of which was leased to a corporation called the Cloverdale Company carrying on a grocery and a meat, provision and fish business, made a lease in writing for five years of a store in this building, numbered 423 Park Avenue, providing that the tenant should "carry a general line of groceries, meat, provisions and fish," and containing the following covenant of the lessor: "And the lessor, in consideration of one dollar and other valuable considerations, hereby promises and agrees to and with the lessee that she shall cause the fish market at No. 425½ Park Avenue to ·be ·discontinued immediately and further promises and agrees that during thè term of said lease she shall not rent any part of the building on premises in which the above said stores are located for any grocery, provision, meat ·or fish business, except the Cloverdale Store now located at No. 431 Park Avenue." While this lease was in force the Cloverdale Company vacated the store it had occupied and the landlord thereupon executed a lease of that store, 431 Park Avenue, to another corporation for the sale of provisions, meats, groceries and fish. In a suit in equity by the lessee under the lease above described to restrain the lessor from letting 431 Park Avenue for a grocery or a provision, meat or fish business in alleged violation of the covenant quoted above, it was *held* that there was nothing in the language of the covenant indicating an intention to permit the lessor to let the store numbered 431 for another competing grocery after the Cloverdale Company should vacate the premises, and that the plaintiff was entitled to the injunction prayed for.

In the same case it was *said* that, the Cloverdale Company having ceased to occupy any store in the defendant's building, it was not necessary to consider, whether the words "Cloverdale Store" in the excepting clause of the covenant referred to the business then carried on by the Cloverdale Company at No. 431 and would authorize a transfer of that business to another store in the defendant's building.

BILL IN EQUITY, filed in the Superior Court on June 12, 1918, by the lessee under a lease in writing dated July 1, 1915, of the store numbered 423 on Park Avenue in Worcester against the lessor praying for an order restraining the defendant from letting another store in the same building numbered 431 on Park

Avenue to be used for a grocery, a provision, meat or fish busi
ness in alleged violation of a covenant in the lease.

The case was heard by *Sanderson,* J. The material covenant
in the lease is quoted in the opinion, where also the evidence in
regard to the circumstances existing at the time of the execution
of the lease is described. The judge filed a memorandum of
decision, which concluded as follows:

"The provision in the plaintiff's lease which is the principal
cause of the controversy is, that the defendant shall not rent
any part of the building on premises in which the above said
stores are located for any grocery, provision, meat or fish busi-
ness except the Cloverdale Store now located at No. 431 Park
Avenue.

"There seems to have been no reason for making this excep-
tion, except the fact that the Cloverdale Company then had a
right to continue to do business at 431 Park Avenue because
of its written lease.

"The parties apparently intended to eliminate competition in
the plaintiff's business so far as they could legally do so."

The judge found that the provision in the plaintiff's lease
above referred to created an exception in favor of the Clover-
dale Company only, and that it was not intended to give and did
not give the defendant the right to lease 431 Park Avenue
for a provision, grocery, meat or fish business after it ceased
to be occupied by the Cloverdale Company, as the Cloverdale
Store.

He ordered that a decree should be prepared enjoining the de-
fendant from permitting the store at 431 Park Avenue to be
rented, leased or occupied for the purpose of carrying on any
grocery, provision, meat or fish business, and awarding costs to
the plaintiff taxed as in an action at law.

Later by order of the judge a final decree in accordance with
the memorandum of decision was entered; and the defendant
appealed.

The case was submitted on briefs at the sitting of the court
in September, 1918, and afterwards was submitted on briefs to
all the justices.

*D. F. O'Connell & T. A. McAvoy,* for the defendant.

*J. H. Meagher, E. Zaeder & C. J. O'Connell,* for the plaintiff.

DE COURCY, J. The circumstances under which the lease was executed, as found by the judge or undisputed, were as follows: The defendant owned a building on Park Avenue in Worcester, containing eight or more stores. The plaintiff hired the store numbered 423 and 425, for five years from July 1, 1915, the lease providing that he should "carry a general line of groceries, meat, provisions and fish." The Cloverdale Company then was carrying on a similar business in the defendant's building at number 431, under a written lease. This company had a series of stores, the one at 431 Park Avenue being known as Cloverdale Store numbered fifty. On the outside were the words "Cloverdale Company" and "Cloverdale Store." The covenant in controversy in the plaintiff's lease, is as follows:

"And the lessor, in consideration of one dollar and other valuable considerations, hereby promises and agrees to and with the lessee that she shall cause the fish market at No. 425½ Park Avenue to be discontinued immediately and further promises and agrees that during the term of said lease she shall not rent any part of the building on premises in which the above said stores are located for any grocery, provision, meat or fish business, except the Cloverdale Store now located at No. 431 Park Avenue."

Before April 26, 1918, the Cloverdale Company vacated the store it had occupied; and the defendant executed a lease of it to the Community Stores Company, a corporation which maintained a series of stores for the sale of provisions, meats, groceries and fish. The plaintiff thereupon brought this bill in equity to restrain the defendant from permitting said No. 431 to be occupied for this competing business. A decree was entered in his favor, from which the defendant appealed.

The contention of the defendant is, that while she covenanted not to rent any part of her building for carrying on the same business in which the plaintiff was engaged, she excepted from that covenant the premises numbered 431. If such were the intention of the parties presumably they would have expressly so stated. What they did in fact take out of the covenant was not "No. 431 Park Avenue" but the "Cloverdale Store" which then was "located at" that place. There is nothing in the language they used which indicates an intention to permit the

lessor to let the store numbered 431 for another competing grocery business after the Cloverdale Company·should vacate the premises.

If the language itself left any doubt as to whether the parties intended entirely to exclude these premises from the operation of the covenant, that doubt would be removed by reading the lease in the light of the facts surrounding the parties when it was executed. The plaintiff was binding himself for a period of five years, not merely to pay rent for the store numbered 423–425 Park Avenue, but "to keep said stores open for business every business day during the continuance of this lease, and to carry a general line of groceries, meat, provisions and fish, except by special permission." There was then a fish market in the adjoining store, numbered 425½. This was to be discontinued immediately. In the same·building, at number 431, was another grocery and provision business, carried on by the Cloverdale Company; but that company had a written lease, not yet expired.

In the opinion of a majority of the court the trial judge rightly ruled that the plaintiff's rights were violated by the defendant when she undertook to lease to the Community Stores Company the premises numbered 431 Park Avenue.

As the Cloverdale Company vacated the building before the present controversy arose, it is unnecessary to consider whether the words "Cloverdale Store" in the clause limiting the covenant refer to the business then conducted by that company at No. 431, and would authorize a transfer of the business from that place to another store in the defendant's building.

*Decree affirmed with costs.*