# BELVEDERE HOTEL COMPANY

*vs.*

## JOHN WILLIAMS.

---

## WILLIAM ZENTGRAFF

*vs.*

## JOHN WILLIAMS.

*Hotel—Barber Shop Concession—Violation—Equity Procedure—Supplemental Relief.*

The lease by a company of "the barber shop and manicuring concession in its hotel" *held* to give to the lessee, during the continuance of the lease, the sole and exclusive right to operate a barber shop and manicuring establishment in the hotel, which was violated by the action of the company in leasing to another a barber shop, directly connected with the hotel lobby, in an adjoining building.                           pp. 671-673

Relief by injunction against the maintenance of a competing shop in the same hotel, in violation of petitioner's rights under a previous lease of a shop therein, *held* supplemental to a previous proceeding for an injunction to prevent his ejection from the latter shop, and properly sought by a petition in that case, and not by an original bill in a separate proceeding.        p. 674

*Decided February 2nd, 1921.*

Appeals from the Circuit Court for Baltimore City. (DUFFY, J.).

The causes were argued before BOYD, C. J, BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Clarence A. Tucker,* with whom were *Knapp, Ulman & Tucker* on the brief, for the appellants.

*Vernon Cook* and *Roland K. Adams,* for the appellee.

BRISCOE, J., delivered the opinion of the court.

The two appeals in this case are from the same decree; they present practically the same questions, and will be disposed of in one opinion.

The plaintiff below, and the appellee on this record, is a barber, and at present conducts the barber shop of the Belvedere Hotel, Baltimore, and other barber shops elsewhere, including the one of the Southern Hotel, Baltimore, and the barber shop at the Traymore Hotel, at Atlantic City, New Jersey.

The Belvedere Hotel Company, one of the defendants below and appellant here, is a corporation of the State of Delaware, and is owner and operator of the Hotel Belvedere, situate at the southeast corner of Charles and Chase Streets, Baltimore City.

William Zentgraff, the other defendant below, and also appellant here, is a barber and was employed by the appellee for about two years in the Hotel Belvedere barber shop, but had been discharged by him (appellee), in February, 1920. He had been employed in the shop for some years prior to the time when the appellee began to operate the barber shop in the Belvedere Hotel.

It appears from a lease set out in the record that what is called and known as the Hotel Belvedere barber shop, and the manicuring concession in the Belvedere Hotel, were rented to the appellee, John Williams, by the Belvedere Hotel Company, by contract dated May 10th, 1920, for a term of two years beginning, May 20, 1918, at the annual rental of $2,000. The terms and stipulations of the lease are stated therein, and are in part as follows:

"The party of the first part agrees to lease to the party of the second part, the barber shop and manicuring concession in its hotel for a term of two years, beginning May 20, 1918, at an annual rental of $2,000, to be paid in monthly installments of $166.66, due on or by the tenth of each month for the preceding month's rent."

It is further provided:

"At the expiration of the two years, if the party of the second part shows that there has been no material increase in the receipts of his business, he is to have an additional year at the same rental. In the event that there is a substantial increase to the amount worthy of paying a small additional rental, then the parties of the first and second parts can agree as to the said increase."

Subsequently, a dispute arose between the parties to the lease as to the date when the lease terminated, and this resulted in a notice to the appellee, from the appellant hotel company, that the lease expired on the 20th of May, 1920, and that the leased premises should be vacated and surrendered on that date.

The contention on the part of the appellee was that he had a right, under the terms of the lease, to continue it for an additional year or until May 20, 1921.

On May 17, 1920, the plaintiff filed a bill in the Circuit Court for Baltimore City, against the Belvedere Hotel Company, praying that the defendant be restrained by injunction from ejecting the plaintiff by force or otherwise or from interfering with the plaintiff's enjoyment of his leasehold estate or from interfering with the business conducted by him on the premises.

The bill, among other things, charged that the defendant "openly threatened that if the plaintiff does not vacate said premises on or before the 20th day of May that the defendant will immediately thereafter forcibly eject the plaintiff

from the premises occupied by him under the lease, to wit, the barber shop at the Hotel Belvedere, and the defendant has threatened to use all such force as may be necessary for this purpose, and has threatened to enter the barber shop at night while the plaintiff and his employees are away therefrom, and to cut off the water and electric current which has heretofore been supplied the barber shop under the terms of this lease, and which are absolutely essential for the operation thereof." "That the acts threatened on the part of the defendant would break up and destroy the plaintiff's business and destroy the use and enjoyment by the plaintiff of the leasehold interest to which he is entitled under the terms of the lease, and the plaintiff is without adequate remedy except in this honorable court."

This case was heard upon bill, answer, testimony and a motion to dissolve a preliminary injunction which had been previously granted, and the court below, on the 30th of June, 1920, overruled the motion to dissolve and decreed, "that the preliminary injunction heretofore granted herein be and the same is hereby made perpetual until May 20th, 1921, the date on which the plaintiff's lease mentioned in these proceedings will expire, provided the plaintiff during the period shall comply with the provisions of the lease."

There was no appeal from this decree, and it is admitted that, at the hearing of the case, testimony was offered by both the plaintiff and defendant in support of the contentions made in their respective pleadings, and that the court after full hearing passed the decree, and held that the tenancy of the appellee of the Belvedere Hotel barber shop continued under his lease to May 20, 1921. The action of the Court below in passing this decree is not, therefore, before us for review on this appeal.

Shortly after the decree of the 30th of June, 1920, the appellant, William Zentgraff, by lease dated the 10th day of July, 1920, rented from the Belvedere Hotel Company the front room on the first floor of the building known as No.

1023 North Charles Street, in Baltimore City, to be used for a barber shop.

The terms and stipulation of the lease and renting are in part as follows:

> "Witnesseth, That the said landlord hereby rents to the said tenant the front room, on the first floor of the building known as No. 1023 North Charles Street, in Baltimore City, for the term of one month, beginning on the 16th day of July, 1920, and ending on the 15th day of August, 1920, at sixty dollars ($60.00) a month, payable in advance."

The tenant agreed and covenanted not to use the premises, or permit its use, for purposes other than those of a barber shop, and would not at any time assign the agreement or sublet the property or any portion thereof without the consent in writing of the landlord or its representatives.

The landlord on its part covenanted to furnish the tenant during the term for the use of the leased premises, light, heat and cold and hot water.

And it was further agreed that the agreement with all its provisions and covenants shall continue in force from month to month after the expiration of the term mentioned, provided, however, that either of the parties could terminate the same, at the end of the term, by giving at least thirty (30) days previous notice thereof in writing to the other.

It appears that shortly after the Zentgraff barber shop was opened the appellee filed a petition supplemental to the original proceedings and in aid of the relief which had been granted on the original bill for an injunction to restrain the Belvedere Hotel Company from maintaining, or permitting to be maintained, in the hotel and on the premises of Hotel Belvedere, any barber shop other than that of the one conducted by the appellee, or from in any manner attempting to injure the business of the appellee, in violation of his rights under the original agreement of lease between the Belvedere Hotel Company and the appellee.

Subsequently the appellant, Zentgraff, was made an additional party defendant to the cause, and an injunction was also asked restraining and enjoining him from renewing or continuing the lease, dated on the 10th of July, 1920, of the premises therein mentioned, for the purpose of conducting a barber shop, and from continuing to conduct a barber shop on the premises mentioned in the lease and in the Hotel Belvedere.

The case was heard upon the pleadings set out in the record, and upon testimony taken in open court.

After the counsel for the respective parties were heard the court below passed the following decree:

"The above cause having come on for hearing on the 17th day of August, 1920, on the petition of the plaintiff, filed on the 17th day of July, 1920, the answer of the defendant thereto and the motion of the defendant to dissolve the preliminary injunction granted thereon, testimony on behalf of the plaintiff and the defendant was taken in open court and counsel for the respective parties were heard, and the court being of the opinion that the maintenance of a barber shop on the premises demised by the lease dated July 10th, 1920, mentioned in paragraph 3 of said petition and offered in evidence, constituted a violation on the part of the defendant of the plaintiff's rights, but that the other party to said lease, William Zentgraff, not having theretofore been a party to this cause, no injunction ought then to be granted herein affecting the rights of said William Zentgraff under said lease, or requiring the termination of said lease, by notice or otherwise, without making said William Zentgraff a party herein and affording him an opportunity to show any rights he might have, superior to the rights of the defendant, as against the plaintiff herein with respect to said lease, thereupon the plaintiff, on the 18th day of August, 1920, filed his petition herein, upon which petition the court on the same day passed an order making the said William Zentgraff an additional party

defendant herein, and directing that a writ of injunction issue against both defendants, enjoining them as is provided in said order, unless cause to the contrary be shown by the defendant, William Zentgraff; and this cause having further come on for hearing on said last mentioned petition, said order to show cause and the alleged cause shown by the defendant, William Zentgraff, in response to said order, counsel for the plaintiff and for the defendant, William Zentgraff, were heard, and the court being of the opinion that the cause shown by the defendant, William Zentgraff, is insufficient, it is, therefore, this 20th day of August, 1920, adjudged, ordered, and decreed by the Circuit Court of Baltimore City that a writ of injunction issue forthwith, enjoining and restraining both defendants, their agents, and employees, until May 20th, 1921, or the earlier termination of the plaintiff's lease, from continuing to conduct a barber shop on the aforesaid premises, costs of this proceeding accruing since filing of petition of July 17, 1920, to be paid by both defendants."

From this decree both defendants have appealed.

The facts of the case, it will be observed, are stated in the pleadings and are fully set out in the record.

The chief controversy in the case arises out of the construction and effect to be given the clause in the first lease, as follows: "The party of the first part agrees to lease to the party of the second part the barber shop and manicuring concession in its hotel for a term of two years, beginning May 20th, 1918, at an annual rental of $2,000.00, to be paid in monthly installments of $166.66 2/3, due on or by the tenth of each month for the preceding month's rent."

It appears from the testimony in the record that No. 1023 North Charles Street was owned by the hotel company, used by it for hotel purposes, and was used as a part of the hotel at the date of the lease to the appellee.

The witness Consolvo, the president of the hotel company, testified in part that the premises known as No. 1023 N. Charles Street had been owned by the hotel for several years prior to September, 1917, when he obtained an interest in the property, and there was no barber shop in it when he went to the hotel; that the building was used for the storage of hotel furniture, but had been used by the former management of the hotel for guests of the hotel.

The witness Letton, the manager of the hotel, and who negotiated the lease for the front room of the first floor in the Zentgraff or second lease, testified that he fitted up the room as a barber shop. "The balance of the building remains as it was except the room used as a barber shop, which had to have hot and cold water." "We had a lavatory put in, and had our house plumber connect it, so as he would have hot and cold water in the barber shop," that he had a solid partition "built directly in front of the main entrance to the building, which led up the stairway in the hall around the other floor; that partition was built up high so as to prevent any one from going into our part of the building from the street and from any one entering that way from the rear, and then had a bolt put on each side of the rear entrance door to the shop leading from the back part that was used for storage."

There was other testimony to the effect that the main hotel building is located at the southeast corner of Charles and Chase Streets and that the property No. 1023 N. Charles Street adjoins it on the south; that there is direct communication between the main building of the hotel and No. 1023 N. Charles Street, through a doorway opening on what is called the summer garden, and after the Zentgraff barber shop was opened there was a direct communication between the lobby of the hotel and the barber shop.

The proper conclusion, we think, from an examination of the testimony disclosed by the record, is that No. 1023 North Charles Street was an adjunct and a part of the hotel Belve-

dere, and under the lease of May 10th, 1920, the appellee had, during the continuance of this lease, the sole and exclusive right to operate a barber shop and a manicuring establishment in the Hotel Belvedere.

The plain language of the lease is that the party of the first part agrees to lease to the party of the second part the barber shop and manicuring concession in its hotel for a term of two years.

The use of the word "concession" in the lease, we think, shows an intent to convey more than a part of the premises. As stated by the appellee in his brief, the concession granted by the lease was the concession "in its hotel," and was clearly intended to be the concession of the privilege for the entire hotel.

In Vol. 2, *Words and Phrases,* 1386, it is said: "The English word, 'concession,' derived from the Latin word in its ordinary use, is exactly or nearly the equivalent of the word grant," and the word "concessi" in a lease implies a covenant for quiet enjoyment. *Gallup* v. *Albany Ry.* (N. Y.), 7 Lans. 471; *Lanigan* v. *Kille,* 97 Pa. St. 120; *Shaft* v. *Carey,* 107 Wis. 278.

We think the court below, under the facts of this case, and the surrounding circumstances attending the execution of the second lease, as disclosed by the record, was entirely right in holding that the lease to the appellant Zentgraff dated the 20th of July, 1920, of the front room on the first floor of the building known as No. 1023 North Charles Street, and used at the time of the first lease, as a part of the Hotel Belvedere and leased for the use as a barber shop, constituted a violation of the rights granted the appellee by his lease of May 10th, 1920, from the appellant and that the decree of the 20th of August, 1920, directing an injunction against both of the defendants, was correct and proper.

As this conclusion disposes of the case, the exceptions to the rulings upon testimony become unimportant and need not be considered by us.

The objection by the appellants that the question raised by the appellee under his petition of July 17th, 1920, should have been by an original bill in a separate proceeding and not by petition in this case, we think, is without force.

The proceeding under the petition, it will be seen, was in aid of the relief by way of injunction, which had been granted on the original bill and was supplemental to the original proceedings. It was a proper procedure to obtain the relief sought by the appellee, and is supported by authority.

It follows, for the reasons stated, that the decree in this case will be affirmed, on both appeals.

*Decree affirmed, on both appeals, with costs.*