HARRY F. SCHMIDT *v.* JOHN S. HERSHEY ᴇᴛ ᴀʟ.

JOHN S. HERSHEY ᴇᴛ ᴀʟ. *v.* HARRY F. SCHMIDT.

[Nos. 80, 81, October Term, 1927.]

*Decided January 20th, 1928.*

The causes were argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Alban M. Wood,* for Harry F. Schmidt, plaintiff below.

*Leo Weinberg,* with whom were *Frank L. Stoner* and *William M. Storm* on the brief, for John S. Hershey and others, defendants below.

Bond, C. J., delivered the opinion of the Court.

These are cross appeals in a suit by a lessee of space in a hotel to enjoin the landlord and a lessee of other space from selling articles which the complainant claimed he had, by the terms of his prior lease, an exclusive right to sell. The court granted the injunction in respect to some articles but refused it in respect to others.

Harry F. Schmidt, as assignee of his father Frank K. Schmidt, held a sublease from John S. Hershey, lessee and proprietor of the Francis Scott Key Hotel in Frederick, of a cigar and news stand in the hotel. According to its express terms the lease of the stand was "for the purpose of vending cigars, cigarettes, tobaccos, newspapers, periodicals, candy, chewing gum, souvenir post cards, and such other articles proper to be sold at such stands in a first class hotel." And another clause provided that "the said party of the first part will not rent or sublet any other storeroom or any other space in said Francis Scott Key Hotel for the purpose of conducting a cigar or news stand business." The original sublease was executed in December, 1922, and was extended by agreement beyond the present time. Schmidt also became in 1923 lessee of one of several storerooms in or under the hotel building opening on the outside street; the original lease for this was made in 1923, and the property was leased for a cigar and news stand. This second lease had no

covenant giving Schmidt exclusive rights. On July 1st, 1926, another storeroom opening on the outside street was sublet to Luther E. Derr, for a "goodey shop," or as it was expressed in the lease, "a merchandise business in bakery products and confectionery, ice cream and soda water," entitling the lessee, Derr, "to serve hot and cold drinks, his own small baking products, ice cream, light sandwiches, etc., either in a wholesale or retail way, or in the form of light lunches, serving to his guests at such times as he may see fit," which business, conducted within the lines and intent above described, was not to be construed as interfering with the business of the party of the first part. And Alice R. Dean is an assignee of this latter lease. James H. Dean conducts the business for her. It appears from evidence taken in the case that, even before the Derr lease, candy, chewing gum, and other small articles sold in a candy shop, and ice cream, had been sold in that store as well as at the cigar and news stand inside the hotel, and they continued to be sold up to the time of suit, all without any objection from the Schmidts, father or son. When Dean took over the sublease from Derr, Derr told him that cigarettes could not be sold in that store because of an exclusive right given to Schmidt, but there is no evidence of notice to Dean, or to Derr, of an exclusive right or claim to such a right in Schmidt to sell candy and chewing gum, or anything other than cigarettes; on the contrary it seems clear that there was no notice of such a claim.

Shortly before the institution of the suit, Dean, assuming that Schmidt had the exclusive right to sell cigarettes about the hotel property, asked Schmidt to supply him with cigarettes to be sold in the Dean store at Schmidt's retail price, for the convenience of Dean's customers, but Schmidt refused, apparently fearing that he might prejudice in some way his rights under his lease. He showed Dean his lease, and then, according to Dean's testimony, he, Dean, concluded that Schmidt did not have the exclusive right he claimed. Dean then proceeded to sell the cigarettes in his store. Schmidt protested to Mr. Hershey and his manager, but was

merely referred by them to his lawyer and to the court. Schmidt then brought his suit to enjoin sale by Dean of cigarettes, candy, chewing gum, and other articles, enumerated in the Schmidt lease as those which might be sold at his stand. The trial court concluded that he had an exclusive right to the sale of cigarettes about the hotel property, but not to the sale of candy and chewing gum, and issued an injunction only to restrain Hershey and Dean from having cigarettes sold in the Dean shop. The parties on each side appeal from this decree.

The question mainly argued is that of the extent of the exclusive right given in the Schmidt lease for the stand in the lobby. Does it extend beyond that part of the building used by the hotel, or is it confined to that part? The words to be construed are that no other storeroom or any other space "in said Francis Scott Key Hotel" shall be leased for a cigar or news stand business. It seems to us that the specification of storeroom as well as space goes far to decide the question, for it was one of the storerooms that was leased to Derr and Dean. Their lease described it as the "storeroom known as No. 2 Francis Scott Key Hotel"; and the description of storeroom does not appear to be reasonably applicable to any other portion of the building than this and other outside storerooms. And it seems significant that Dean's assignor as well as Schmidt understood that Schmidt's rights precluded a sale of cigarettes in this particular store. The fact that, despite the exclusive right given in his news stand lease, Schmidt himself took a lease for a storeroom outside for a cigar and news stand business, does not, we think, evince a construction by him limiting the exclusive right to the space in the hotel proper; he could consistently extend his own business to any place and still deny a right in others to do the same thing. The restriction contended for seems a reasonable one, likely to be put in a lease of a stand in this hotel. We agree with the construction that the exclusive right applied to the outside storerooms.

As to the articles for the sale of which the exclusive right exists, our conclusion is also in agreement with that of the

lower court. The obstacles to Schmidt's present claim of an exclusive right in the sale of candy and chewing gum, and the like, may be viewed in any one of several ways. The remedy which he seeks is one given in equity to a person entitled to a prior right against another person bound in equity by notice of it, either express or to be imputed at the time of the acquisition of the second person's own title. *Belvedere Hotel Co. v. Williams,* 137 Md. 665; *Snavely x. Berman,* 143 Md. 75; 1 *Tiffany, Landlord and Tenant,* 822; cases collected in *L. R. A.* 1915 C, 861; *Holloway Bros. v. Hill* (1902), 2 Ch. 612. And in this case there was no knowledge shown in Derr or Dean that Schmidt had or claimed an exclusive right to sell anything other than cigars and cigarettes, and the customary sale of candy and chewing gum in the Deer or Deen store without any objection by Schmidt, or suggestion of a right in him to stop it, was a practical contradiction of any such right. For lack of such a foundation in notice to Dean of the present claim, the relief cannot be given in equity. And it might be argued with some force that the custom of selling candy and chewing gum in the Dean store amounted to a practical construction of an exclusive right in a "cigar and news stand business," or that it involved a waiver by Schmidt of any right inconsistent with that custom; we need not discuss the strength of these arguments, for the theory of lack of notice to Dean seems sufficient to prevent the issue of an injunction to stop the sales in these articles by him.

It was argued below—but we are not clear that the argument is pressed here—that while an exclusive right might have been enforced by equity against Derr, the original sublessee of the outside store, it would not be equally enforceable against Dean, who is an assignee only of Derr. We do not see any force in the argument, or any theory upon which the effect of the restriction could be confined to Derr and not to a sub-lessee with equal notice. The exclusive right, as the court said in *Holloway Bros. v. Hill, supra,* is one enforced "by virtue of the equitable doctrine applicable, and does not depend upon the existence of a covenant running

with the land, or upon the existence of any right to relief under the common law."

The propriety of joining John S. Hershey, the lessee of the whole property, and Dean's lessor, as a codefendant with Dean in the proceeding to enforce the restriction, seems to us settled by *Snavely v. Berman, supra,* without reference to other cases. In the case cited, this court held such a lessor to be a proper defendant, and subject to be enjoined, because of his acquiescence in the use to be enjoined, notwithstanding the fact that his covenant had been only that he would not rent premises for the conflicting use, and he had not done so.

It follows from the views here stated that the decree enjoining the sale of cigarettes in the Dean store was a proper one, and that the refusal to enjoin sale of candy, chewing gum, and the like there, was also proper.

> *Decree affirmed in each case, numbers 80 and 81, with costs to the appellee in each.*