65 N.J. Super. 322 (1961)
167 A.2d 825
CRAGMERE HOLDING CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
SOCONY-MOBIL OIL COMPANY, INC., A NEW YORK CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1961.
Decided February 2, 1961.
*323 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Walter W. Weber, Jr., argued the cause for plaintiff-appellant (Messrs. Weber, Muth & Weber, attorneys).
Mr. Edgar E. Moss, II, argued the cause for defendant-respondent (Messrs. Starr, Summerill & Davis, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff instituted this action in the Chancery Division, Bergen County, for a declaratory judgment construing a provision of its leasehold agreement with defendant. From a judgment in favor of the defendant, plaintiff brings this appeal.
*324 The facts have been stipulated by the parties. Plaintiff is the owner of several tracts of land fronting on both sides of State Highway No. 17 in the Township of Mahwah. By an instrument dated April 16, 1952, a tract on the westerly side of the highway was leased to defendant for ten years, with options for two five-year renewals. The lease provided for a basic annual rental, with additional payments contingent on the amount of petroleum products sold by defendant. Included in the agreement was the following provision:
"14. Lessor covenants that during the term of this lease and any renewal or extension thereof, no real property located on the westerly side of Route 17 and located within one thousand (1,000) feet of the premises except existing service station situated north of the premises and owned or leased by Lessor shall be developed or used, in whole or in part, for the storage, advertising, or sale or other distribution of petroleum products, provided, however, that this provision shall not apply to the premises. This covenant shall be deemed and construed as a covenant running with the land for the term of this lease, and any renewal or extension thereof, in favor of the Lessee, its successors or assigns. * * *"
On July 6, 1953 plaintiff purchased additional real estate on the westerly side of Route 17 within 1,000 feet of the property previously leased to defendant. It subsequently sought a judicial declaration to the effect that the newly acquired premises could be employed for the operation of a service station  more specifically, that the restriction contained in paragraph 14 of the Cragmere-Socony lease does not apply to property acquired by plaintiff after the execution of that instrument.
It is plaintiff's contention here, as in the trial court, that the language "owned or leased by Lessor" contained in paragraph 14 has reference only to property already owned or leased at the time the lease was executed. Plaintiff submits that "consideration of the entire instrument lucidly reveals that what the lessee primarily desired was protection against the competitive use of property which, with reference to the date of the lease, was owned by the lessor."
*325 We cannot agree. The covenant in question must be construed in the light of both the circumstances under which it was written, and the purpose, express or implied, of the parties in effecting their arrangements, in order that we may attribute to their language a rational meaning consonant with that purpose. Casriel v. King, 2 N.J. 45, 50 (1949); Broad & Branford Place Corp. v. J.J. Hockenjos Co., 132 N.J.L. 229, 236 (Sup. Ct. 1944); William Berland Realty Co. v. Hahne & Co., 26 N.J. Super. 477, 497 (Ch. Div. 1953), modified 29 N.J. Super. 316 (App. Div. 1954); See 3 Williston on Contracts (rev. ed. 1936), § 618, pp. 1777-81. So viewed, the crucial feature of this covenant is its applicability "during the term of this lease and any renewal or extension thereof." It is clear from the stipulation that plaintiff was already operating a service station in the vicinty of the leased tract, namely, the station excepted from the restriction contained in the provision under consideration. Defendant was seeking and, by virtue of the covenant, obtained protection against competition, direct or indirect, from its landlord for the duration of the lease.
Plaintiff urges that we take cognizance of the general rule that the ambiguous provisions of a lease are to be construed most strongly against its author (the parties having stipulated that the lease was prepared by the defendant on forms supplied by it), Farber v. Shell Oil Co., 47 N.J. Super. 48, 54 (App. Div. 1957), and further asserts that, in any event, language purportedly restricting the use of land must be strictly construed. Hammett v. Rosensohn, 46 N.J. Super. 527, 535 (App. Div. 1957), affirmed 26 N.J. 415 (1958). But both of these principles are merely in the nature of constructional guides; after giving them due weight, we find the considerations mentioned above, pointing the other way, to overbalance them. Considering the clear purpose of the parties herein, we discern no ambiguity in the covenant under consideration.
*326 We note, additionally, that the rule of strict construction is counterbalanced in the instant case by an evolving principle to the effect that covenants to refrain from competition, or to refrain from leasing to a competitor, if sufficiently reasonable in scope to avoid being labelled in restraint of trade, will be realistically construed in furtherance of their obvious purpose. See, e.g., Sheer v. Newman, 105 N.J.L. 624, 626 (E. & A. 1929); Crest Drug Stores, Inc. v. Levine, 142 N.J. Eq. 652, 655-656 (E. & A. 1948); Aiello Bros. v. Saybrook Holding Corp., 106 N.J. Eq. 3 (Ch. 1930); Shaft v. Carey, 107 Wis. 273, 83 N.W. 288 (Sup. Ct. 1900); Strates v. Keniry, 231 Mass. 426, 121 N.E. 151 (Sup. Jud. Ct. 1918); Belvedere Hotel Co. v. Williams, 137 Md. 665, 113 A. 335, 14 A.L.R. 622 (Ct. App. 1921); Schmidt v. Hershey, 154 Md. 302, 140 A. 363 (Ct. App. 1928); Topol v. Smoleroff Development Corp., 264 App. Div. 164, 34 N.Y.S.2d 653 (App. Div.); Carter v. Adler, 138 Cal. App.2d 63, 291 P.2d 111 (Cal. App. 1955); Slice v. Carozza Properties, Inc., 215 Md. 357, 137 A.2d 687 (Ct. App. 1958); Glen Burnie Shopping Plaza, Inc. v. Schreiber Bros., Inc., 220 Md. 303, 152 A.2d 807 (Ct. App. 1959). Also see Annotations, 90 A.L.R. 1449 (1934) and 22 A.L.R.2d 1466 (1952); 32 Am. Jur., Landlord and Tenant, § 145, pp. 145-46.
In Carter v. Adler, supra, a lease of space in a shopping center contained the following provision [138 Cal. App.2d 63, 291 P.2d 112]:
"It is understood that Lessees have the exclusive rights on Grocery, Delicatessen, Meats, Produce, Fish and Poultry in Valley Market Town located at 6127 Sepulveda Boulevard, Van Nuys, City of Los Angeles, County of Los Angeles, State of California."
Two years after the execution of the lease, plaintiffs, having since acquired title to the entire parcel of which the demised premises were a part, also purchased some adjoining land for the purpose of increasing the area of the shopping center and perhaps changing its name. In pursuit *327 of a determination that they could operate a market in competition with defendant's on the newly acquired property, plaintiffs instituted a declaratory judgment action. The court, in denying the prayer for relief, expressed its theory of the nature of a tenant's exclusive operational rights (291 P.2d, supra, at p. 115):
"A restrictive covenant, such as the grant of the exclusive mercantile rights to respondents, is not merely ornamental words inserted to please the eye. It is a living expression of the grantor incorporated in the lease as a consideration for the lessee's faithful performance. Concomitant with such a covenant is the implied obligation of the lessor not to cancel the covenant or derogate from its force by so using his adjoining property as substantially to impair the lessee's enjoyment of the leased premises."
Whether such an implication would be made by this court we need not here decide. Our reference to the Carter case is intended merely to illustrate the extent to which modernday tribunals will go in recognizing the commercial facts of life and in sheltering a tenant who has contracted for "exclusive" rights. In the instant case, we are firmly convinced that the clear purport of the covenant contained in paragraph 14 is the insulation of defendant, while engaged in the operation of a highway service station under this lease, from the financial hazard of further competition within the prescribed area, to the extent that such protection can be provided by plaintiff. Having determined the object of the contractors, we are led unswervingly to a ratification of the trial court's disposition of their present controversy.
Judgment affirmed.