EDGAR SNAVELY and B. F. GARVER

vs.

OSCAR BERMAN and HENRY ABRAOMOWITZ.

*Effect of Decree—Person Not Party—Restriction in Lease— Rental of Adjoining Property—Competing Busi- ness—Injunction—Sufficiency of Bill.*

One who knew of the pendency of a suit and of its relation to his interests, who could have become a party had he so desired, and who testified on the trial, is bound by the decree.

p. 77

A covenant by a lessor not to "rent any other store in the immediate vicinity for the same line of business" as that for which the premises in question were leased, was violated by the lessor's submission to the continued use of neighboring prop- erty for such business by one holding under a prior lease from him which limited the prior lessee to a different line of busi- ness under penalty of eviction without notice.          pp. 77, 78

A court of equity has authority to enforce by injunction against a lessor a covenant by the latter that the lessee shall have the exclusive right of conducting a specific business on the lessor's property.          p. 78

That a bill by the lessees of a store to restrain the violation by the lessor of a covenant not to rent any other store in the vicinity for the same business, failed to join as defendant the tenant of a neighboring store under the same lessor, who car- ried on a similar business therein, and that it also failed to allege compliance by plaintiffs with the provisions of the lease to them, *held* not ground for reversal and remand after the case had been heard and determined on its merits.          p. 80

*Decided March 16th, 1923.*

Appeal from the Circuit Court for Baltimore County, In Equity (PRESTON, J.).

Bill by Oscar Berman and Henry Abraomowitz against Edgar Snavely and B. H. Garver for an injunction to restrain the violation of a covenant in a lease. From a decree for plaintiffs, defendants appeal. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Joseph R. Gunther,* for the appellants.

*T. Lyde Mason, Jr.,* and *William Cohen,* for the appellees.

URNER, J., delivered the opinion of the Court.

In a lease from the appellants to the appellees of a storeroom in a building of the lessors at Sparrows Point, in Baltimore County, there were covenants that the room should be used only for the purposes of a "ladies and gents furnishing store," and that the appellants would "not rent any other store in the immediate vicinity for the same line of business" during the term of the appellees' tenancy. Another room in the same building was already in the occupancy of a tenant by the name of Julius Laken, whose lease contained a covenant that he would not use the room for "purposes other than those of a merchant tailoring, cleaning and repairing establishment." In his lease there was also a provision that if he should violate any of its covenants, the lessors should "have the right without formal notice to reenter and take possession." A two-year term, beginning September 1, 1921, was created by the lease to the appellees, with a right of renewal for a further term of three years. Laken's tenancy was for an original period of two years from January 1st, 1920, and for additional terms of two years each, subject to the right of either the lessor or the lessee, at the end of the second or any succeeding term, to end the tenancy by giving ninety days' notice in writing of such intention.

After the appellees had been using their leased room about six months for the purposes mentioned in their lease, the sale of men's furnishings was started by Laken, in the room rented to him for the different use which his lease designated. Upon complaint by the appellees of this competition, the appellants arranged a meeting between Laken and the appellees, with a view to an amicable adjustment. But Laken refused to discontinue the business to which the appellees objected. This suit in equity was then brought by the appellees to have the lessors enjoined from continuing the rental of the room occupied by Laken for use as a store for the sale of ladies' or gentlemen's furnishings. A preliminary injunction to that end was granted, and on final hearing it was made permanent. The decree allowed the appellants thirty days to accomplish the purpose of the injunction.

While Laken was not formally made a defendant in the suit, he knew of its pendency and of its relation to his interests, and could have become a party if he had so desired, and as a witness at the trial he stated his reasons, which were inconclusive, for conducting a men's furnishing store contrary to the terms of his lease. He is, therefore, bound by the decree. *Abramson* v. *Horner,* 115 Md. 232; *Williams* v. *Snebly,* 92 Md. 9; *Albert* v. *Hamilton,* 76 Md. 304; *Parr* v. *State, use of Cockey,* 71 Md. 220.

The principal defense is that the appellants did not agree to prevent any of their tenants under pre-existing leases from competing with the appellees in the business to which the latter were restricted, but the covenant was simply that the appellants "will not rent" any other store in that vicinity for the same purpose. It was the plain intent of the covenant to assure to the appellees the exclusive right to conduct the business specified in their lease on the premises which the appellants owned and controlled. There was ample power to afford that protection. No other tenant then in the building appears to have had the right to use

any part of the property for the sale of men's or women's furnishings, and Laken was expressly limited by his lease to a different line of business under penalty of eviction without notice. The passive and continued submission by the appellants to the violation by Laken of that restriction, especially in view of their ability to enforce it summarily, was virtually a concession to him of the right to ignore it, and was practically equivalent to a renting on that basis so far as the present question is concerned. From the standpoint of the rights and interests of the appellees, we are unable to discover any just distinction between an affirmative sanction of the competing enterprise and a refusal or neglect to exert a reserved and complete authority for its prevention. Either attitude on the part of the appellants must be regarded as having the same prejudicial effect upon the appellees, and as being directly opposed to the spirit and purpose of the covenant upon which they rely. The duty of the appellants is coextensive with their power to prevent the competition against which the covenant is directed.

There can be no doubt as to the authority of a court of equity to enforce by injunction a covenant by a lessor that the lessee shall have the exclusive right of conducting a specified business on the lessor's property. 16 *R. C. L.,* 761-2; note to *University Club* v. *Deakin,* L. R. A. 1915 C, 856. In *Altman* v. *Royal Aquarium Soc.,* L. R. 3 Ch. Div. 228, it was held a lessee of a stall in an exhibition building, upon whom the lease conferred the sole right of displaying and selling therein a certain class of articles, was entitled to have the lessor restrained from allowing other renters to exhibit and sell such articles on the premises, over which the lessor had entire control. Analogous conditions are proved in the present case. There is a covenant which in effect assures the appellees against competition on the premises of the appellants, who have ample power to perform that agreement.

In the case of *Lucente* v. *Davis,* 101 Md. 526, which was cited for the appellants, a lot of ground had been leased by the defendant to the plaintiff for use in conducting a commissary to supply railroad laborers, and the defendant had covenanted not to lease any other part of his land to anyone for a similar use, but a person to whom another lot was leased by the defendant for use as a camp proceeded to conduct upon it a commissary store without the defendant's consent. It was held that an action at law for damages could not be maintained by the plaintiff on the theory of a breach by the defendant of the covenant not to lease any other part of his land for the purposes of a commissary. If that suit had been in equity, and if the defendant had reserved and neglected to exercise the right to eject the second lessee for using the lot described in his lease for a purpose other than that of a camp, the case would have more influence upon our present decision. In this case the equitable jurisdiction of the court is invoked, and the relief sought is the enforcement of a covenant in a lease imposing upon the defendant lessors a duty which they can legally and readily discharge, under an express reservation in their agreement with the tenant whose conduct is responsible for the pending controversy.

There is no merit in the claim made by the appellants in their answer to the bill of complaint, and by their tenant Laken in his testimony, that the appellees had disregarded the restrictive covenant in their lease and for that reason could not require the appellants to enforce, for their protection, the covenant in Laken's lease which he was admittedly violating. It appears from the proof that when the appellees complained of the rival business which Laken had begun, contrary to the terms of his lease, they were informed by the appellants that Laken sought to justify his action on the ground that the appellees were selling trunks, which he considered a breach of their agreement to conduct only a ladies' and men's furnishing store. In view of this

objection, the appellees at once discontinued the sale of trunks. They offered to exclude from their stock any other articles which might reasonably be regarded as not proper to be sold in the course of the business to which they were to be confined. The evidence fails to prove any act of the appellees which excused the breach and non-enforcement of Laken's covenant. There was a suggestion in the testimony that the appellees had not fully paid their rent at the time of the trial. No question was raised in the answer as to any default in the payment of the rent, and we find no sufficient ground in the evidence upon which to sustain such a defense.

A demurrer to the bill of complaint was filed upon the theory that Laken should have been joined as a defendant, and that the compliance by the appellees with the provisions of their lease should have been alleged. If these objections to the bill should be regarded as valid, they are not sufficiently vital to require a reversal and remand for amendment after the case has been heard and determined on its merits under the circumstances we have described. The effect of Laken's actual participation in the proceedings has already been stated, and the substantial performance by the appellees of their agreement has been proved. The decree does practical justice under the special conditions shown by the record, and it will, therefore, be affirmed.

*Decree affirmed, with costs.*