R. M. Sedrose, Inc. *vs.* Gregory Mazmanian & others.

Middlesex.    November 9, 1950. — December 8, 1950.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Counihan, JJ.

*Landlord and Tenant,* Covenant against competition, Provision for benefit of other tenants. *Equity Jurisdiction,* Specific performance, Premature suit. *Equity Pleading and Practice,* Decree.

A suit in equity by a storekeeper for relief against improper competition through the sale of certain articles in an adjacent store was not premature where it was commenced before the opening of the adjacent store for business but after the plaintiff had seen signs on the adjacent store announcing that such articles would be sold therein.

The lessor under a lease of a store in a business block permitting the retail sale of women's hosiery and handbags in the store and containing a covenant by the lessor not to let any other part of the block "for a business in competition with the lessee" did not perform his full duty to the lessee merely by inserting in a subsequent lease of an adjacent store in the block provisions that it should be used for the retail sale of women's and children's shoes and that no business should be carried on therein "in violation of the terms of the prior leases of other tenants"; upon the second lessee's manifesting an intent to sell women's hosiery and handbags in improper competition with the first lessee, the lessor, in a suit in equity against him by the first lessee, should be enjoined from permitting or authorizing anyone other than the first lessee to maintain a store in the block for the sale of women's hosiery and handbags.

A decree in a suit in equity enforcing a covenant against competition with the plaintiff by an injunction against the retail sale of "women's hosiery, underwear, girdles, handbags, beachwear, sportswear, dresses and other wearing apparel" was too broad where the only complaint of the plaintiff was the sale of hosiery and handbags, and must be modified by striking out reference to all the other articles.

Bill in equity, filed in the Superior Court on August 10, 1949, against Gregory Mazmanian, Harry Mazmanian, and Maurice D. Orent.

The suit was heard by *Swift,* J.

*J. M. Graham,* for the defendants Mazmanian.

*R. I. Gottlieb,* for the plaintiff, submitted a brief.

RONAN, J. This is an appeal by the lessors, the Mazmanians, from a final decree enjoining them from permitting or authorizing anyone other than the plaintiff, their lessee, to maintain a store for the sale of certain articles upon the lessors' property, and dismissing the counterclaim of the lessors. The decree also enjoined the defendant Orent from using the premises adjacent to the plaintiff's store, which were leased to him by the lessors subsequently to the plaintiff's lease, for the sale of certain articles. Orent did not appeal.

The defendants Mazmanians (hereinafter called the lessors), owners of a business block in Arlington, leased one of the stores located therein to the plaintiff for the term of five years commencing May 1, 1949, as provided in said lease, "for the conduct of an establishment for the retail sale of women's apparel, except that the lessee shall not engage in the sale of any article hitherto sold by [*sic*] so as to be in competition with any businesses operated by tenants in the remaining portion of the lessors' premises. The lessors covenant with the lessee that they will not let or lease any remaining part of their property of which the demised premises is a portion for a business in competition with the lessee." The plaintiff opened its store on June 23, 1949, and has since maintained the store for the retail sale of women's hosiery, underwear, girdles, handbags, beachwear, sportswear, and dresses.

The defendant Orent opened his store, adjacent to that of the plaintiff, in September, 1949, and by signs attached to the store advertised the fact that he would carry a complete line of hosiery and handbags. This defendant had secured a lease of the store for the term of five years commencing August 15, 1949, from the lessors, which provided "for the retail sale of women's and children's shoes and such other items as are incidental to this particular business and customarily dealt in in such business. It is understood that there are leases to other occupants of the stores in the building of which the leased premises form a part which contain restrictions as to the use of the remaining part of

the building, and it is understood that no business shall be carried on by the lessee which shall be in violation of the terms of the prior leases of other tenants. It is also understood and agreed that no other store on the Broadway side of the building of which the leased premises form a part shall be used for the retail sale of women's and children's shoes in competition to the lessee's business."

The judge found that Orent, before the opening of his store, was informed by the plaintiff's treasurer that he could not carry a line of hosiery and handbags, and that he replied that he would refer customers for these two articles to the plaintiff. The judge also found that handbags and hosiery are articles which are sold in women's apparel shops, and that it was intended that the words "the retail sale of women's apparel," as employed in the plaintiff's lease, should include the sale of women's hosiery and handbags. He found that Orent under his lease of a store for the retail sale of women's and children's shoes had no right to conduct a store for the sale of women's hosiery and handbags, and that their sale would constitute a business in competition with the plaintiff's business and would be in violation of the plaintiff's lease. The leases to the plaintiff and Orent were recorded.

The lessors contend that, as the lease they gave to Orent permitted him to use the demised premises only for the retail sale of women's and children's shoes and expressly restricted him from carrying on any business which would be in violation of the terms of prior leases of the other tenants, they did nothing in contravention of the lease given to the plaintiff. Shortly after Cherenson, the plaintiff's treasurer, saw the signs on Orent's store notifying the public that he would carry a full stock of women's hosiery and handbags, Cherenson complained to one of the lessors who told him that the matter was out of his hands and to confer with his lawyer. The plaintiff filed its bill on August 10, 1949. It was not required to wait until Orent had actually opened his store and begun the business of selling hosiery and handbags. To all intents and purposes he intended to do

so unless prevented, *Hotel & Railroad News Co.* v. *Clark,* 243 Mass. 317, 322, *Shaw* v. *Harding,* 306 Mass. 441, 449; and the lessors, having given a lease to the plaintiff which was intended to include the retail sale of hosiery and handbags, were under an obligation to see that the terms of the lease were observed by a subsequent lessee. *University Club of Chicago* v. *Deakin,* 265 Ill. 257. *Snavely* v. *Berman,* 143 Md. 75. If they failed to act, the plaintiff could secure an injunction compelling them specifically to perform the plaintiff's lease by eliminating the wrongful conduct of the subsequent lessee or, upon such failure of the lessors, the plaintiff could rescind the lease, remove from the demised premises within a reasonable time, and sue the lessors for damages. *Strates* v. *Keniry,* 231 Mass. 426. *Sheff* v. *Candy Box Inc.* 274 Mass. 402. *Parker* v. *Levin,* 285 Mass. 125. *Medico-Dental Building Co. of Los Angeles* v. *Horton & Converse,* 21 Cal. (2d) 411, 434. *Kulawitz* v. *Pacific Woodenware & Paper Co.* 25 Cal. (2d) 664. *Snavely* v. *Berman,* 143 Md. 75.

The lessors were the only defendants to appeal. The injunction against them was too broad, and they should not have been restrained from permitting anyone to engage in their building in the retail sale of the various articles enumerated in the first paragraph of the decree.[1] The only complaint of the plaintiff was the sale by Orent of women's hosiery and handbags, and the decree should be modified by striking out all the other articles listed in the first paragraph except these two articles. *Gilbert* v. *Repertory, Inc.* 302 Mass. 105, 110. *Blair's Foodland Inc.* v. *Shuman's Foodland, Inc.* 311 Mass. 172, 176–177. *Aiello Brothers, Inc.* v. *Saybrook Holding Corp.* 106 N. J. Eq. 3. *Harry Angelo Co.* v. *Improved Property Holding Co. of New York,* 137 App. Div. (N. Y.) 308.

The lessors, besides answering the bill, filed a counterclaim in which they alleged that the Liggett Company, a

---

[1] The injunction against the lessors was in the first paragraph of the decree, and the articles enumerated were "women's hosiery, underwear, girdles, handbags, beachwear, sportswear, dresses and other wearing apparel." REPORTER.

tenant in another portion of their building, at the time of the execution of the plaintiff's lease and for a long time prior thereto had been engaged in the sale of women's hosiery, and that the plaintiff in the sale of women's hosiery was violating its lease which prohibited it from engaging "in the sale of any article hitherto sold so as to be in competition with any businesses operated by tenants in the remaining portion of the lessors' premises." There is undoubtedly a distinction between a restriction against setting up a competing business and one prohibiting the sale of a specific article in competition with another tenant. *Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. (N. Y.) 65, affirmed 184 N. Y. 584. *Harry Angelo Co.* v. *Improved Property Holding Co. of New York*, 137 App. Div. (N. Y.) 308. The restriction here was of the latter kind. The judge found that the business of the plaintiff was not conducted in competition with any business carried on in the lessors' building. The burden was upon the lessors to prove that the plaintiff was selling an article sold by Liggett Company in its store in the lessors' building. The judge did not make any specific finding that the plaintiff was selling women's hosiery in competition with Liggett Company's business. We ourselves can make findings in addition to those made by the judge if they are justified by the evidence. The transcript of the evidence does not show that Liggett Company claimed any right to sell women's hosiery, or that it ever complained to the lessors because of the sale of hosiery by the plaintiff, or indeed that it ever considered that the plaintiff had no right to sell hosiery, and such inactivity upon the part of the Liggett Company would be significant since the alleged restriction, if applicable, could be only for its benefit. Such sales by Liggett Company, if they were in fact made, could have been readily and easily proved. Neither lessor was a witness. No one familiar with the articles sold by Liggett Company in the store in question testified. The lease to the Liggett Company was not introduced in evidence, and there was no testimony as to its contents. Liggett Company was not a

party to this suit.  In any event, the evidence falls far short of sustaining the burden on the lessors of proving that Liggett Company before and at the time of the execution of the plaintiff's lease had sold women's hosiery in this particular store.  The only testimony on the point came from the plaintiff's treasurer that he knew that some Liggett stores sold hosiery; that he imagined they did; that he knew when the plaintiff opened its store that Liggett stores carried hosiery but did not know that this particular store did until after this suit was brought when he went into this Liggett store, talked with the manager, and saw a small case of women's hosiery.  The judge on this evidence was not required to find that the Liggett Company at the date of the plaintiff's lease and prior thereto had been engaged in selling women's hosiery in its store located in the lessors' building.  An examination of the evidence does not lead us to the conclusion that Liggett Company was then so engaged.  *Commonwealth* v. *O'Brien,* 305 Mass. 393, 400. *Premium Cut Beef Co.* v. *Karp,* 318 Mass. 229, 230.  *DiAngelo* v. *United Markets Inc.* 319 Mass. 143, 148–149.

It follows that the final decree modified in the first paragraph as already pointed out must be affirmed.

*So ordered.*