481 P.2d 104

**STATE of New Mexico, ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellee,**

v.

**Benjamin M. SHERMAN, Helen Hood Sherman, the Estate of Jeannette G. Sherman Sawyer, Deceased, Mrs. Nancy Lou Ajemian and Paul Frederick Sherman, Defendants-Appellees,**

v.

**Aileen Rose RUNYAN, Defendant-Appellant.**

No. 9084.

Supreme Court of New Mexico.

Jan. 18, 1971.

Rehearing Denied Feb. 23, 1971.

Robertson & Reynolds, Silver City, for appellant.

Ray Hughes, Deming, for appellees.

## OPINION

TACKETT, Justice.

This action was commenced in the District Court of Luna County, New Mexico, by the State Highway Commission, designated "Highway," to condemn property owned by Benjamin M. Sherman, et al, under lease to appellant Runyan. The case was tried without a jury in two trials, the first between Highway and the Shermans, in which judgment was entered in favor of the Shermans for $10,800. No appeal was taken from this first judgment. The second trial was between Runyan and the Shermans for an apportionment of the award under the first judgment. In the second trial, judgment was entered for Runyan in the sum of $756.81 and $10,043.-19 for the Shermans. From the second judgment Runyan appeals. Supreme Court

Rule 5(5), (§. 21–2–1(5) (5), N.M.S.A., 1953 Comp.) (Repl. Vol. 4).

The trial court found that the Shermans and Nancy Lou Ajemian are the owners in fee simple of Tract 8–2 located in Deming, New Mexico; that a part of such property was condemned by the State of New Mexico; that Runyan succeeded to the rights as tenants of certain service station improvements situated on the property; and that her tenancy would have expired fifteen days following the taking by the State; that, by a previous trial, the State was obligated to pay $10,800, plus interest, for all of the property condemned; that, at the trial of the second cause on apportionment, Runyan failed to produce sufficient evidence of the value of the improvements subject to the obligation of removal at the expiration of the lease; that the Shermans admitted that Runyan was entitled to $756.81 damages and they consented to judgment for that amount in her favor. The trial court made conclusions of law flowing from its findings. Neither the above findings of fact nor conclusions of law were challenged by Runyan; therefore, the findings of fact upon which the case rests on appeal are binding upon the Supreme Court. Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968); State ex rel. Thornton v. Hesselden Construction Co., 80 N.M. 121, 452 P.2d 190 (1969).

Unless findings are directly attacked, they are the facts in this court, and a party claiming error on the part of the trial court must be able to point clearly to the alleged error. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967).

It is the duty of a litigant seeking review to see that a record is properly prepared and completed for review of any questions by an appellate court, as such questions for review are established only by the record, and any fact not so established is not before an appellate court. Supreme Court Rule 14(1), (3), (§ 21–2–1(14) (1) (3), N.M.S.A., 1953 Comp.) (Repl. Vol. 4); Westland Development Co.

v. Saavedra, 80 N.M. 615, 459 P.2d 141 (1969). Runyan failed in this important aspect.

■ Runyan relies on three points for reversal of the lower court's decision. Under point I, Runyan contends:

"THE COURT ERRED IN REFUSING TO GRANT PETITIONER'S MOTION FOR JUDGMENT FILED FEBRUARY 25, 1969 (Tr. 63–64). THE COURT SHOULD HAVE GRANTED SAID MOTION AND DECIDED THE ENTIRE CASE ON THE BASIS OF THE CONTRACT ENTERED INTO BETWEEN PETITIONER AND APPELLEES AND AS INTERPRETED BY THE 'REVIEWER'S CONCLUSION OF VALUE' (Tr. 60, 117–118)."

Runyan's contention under point I must fail, as neither the alleged contract between Highway and the Shermans nor the "Reviewer's Conclusion of Value" were ever offered or admitted into evidence.

■ A litigant seeking review of a ruling of the trial court has the duty to see that a record is made of the proceedings he desires reviewed; otherwise, the correctness of such ruling cannot be questioned. Barnett v. CAL M, Inc., 79 N.M. 553, 445 P.2d 974 (1968). Runyan did not preserve a proper record for review.

■ Runyan under point II, contends that the trial court erred in refusing to allow her to participate in the first case designated "A," which was between Highway and the Shermans. This point is ruled against Runyan. She only appeals the second judgment, which is the apportionment between herself as lessee and the Shermans, the fee owner.

■ The matter of apportionment is of no concern to the Highway and is an issue in which only the Shermans and Runyan are involved. 4 Nichols on Eminent Domain, § 12.42[2] at 306. The second judgment was entered in favor of Runyan after trial on the apportionment. She was granted a full opportunity to establish the damages sustained in what was known as case "B;" however, she merely presented evidence by the highway appraisers, who had only appraised the fee and not the improvements, which she was obligated to and did remove within fifteen days. Based on such scanty evidence, the trial court was hard put to allow the award under the second judgment, as Runyan testified:

"However, under the unit rule, as stated by Mr. Hughes, in his brief, and I quote (reading) 'The tenant is generally not entitled to recover the value of the buildings or fixtures as a separate item in addition to the value of his leasehold interest.' That's why I made no claim for the leasehold interest, because this is generally accepted, apparently, under the law quoted from Nichols Eminent Domain. Now, in this case, I made no claim under the terms of the lease. That's why I had no witness testify as to the value of the remaining leasehold or remaining term of the lease."

See, State v. Pahl, 257 Minn. 177, 100 N.W.2d 724 (1960); Southern California Fisherman's Ass'n v. United States, 174 F. 2d 739 (9th Cir. 1949).

■ Runyan's point III has been hereinbefore covered, except her contention that the trial court erred in holding that she was the moving party in the so-called case "B." This contention is without merit as, in eminent domain proceedings, the owner has the burden of establishing his damages; therefore, he opens and closes the evidence as well as the arguments. The burden was on Runyan to establish her damages. She was the moving party. Section 22–9–50, N.M.S.A., 1953 Comp. (1969 Supp.). See, 5 Nichols on Eminent Domain, § 18.5 at 18–249, and 1970 Supp. at 27; El Monte School District v. Wilkins, 177 Cal.App.2d 47, 1 Cal.Rptr. 715 (1960).

■ Runyan had different attorneys during the proceedings; however, she chose to try the case pro se. This may have been unfortunate, as there is little

doubt that she would have had a better record for review by this court had she used an attorney at trial. Those who choose to plead or appear pro se are bound by all of the applicable procedural rules and enjoy no greater rights than those who employ counsel. Murphy v. Citizens Bank of Clovis, 244 F.2d 511 (10th Cir. 1957).

The judgment is affirmed.

It is so ordered.

McMANUS and OMAN, JJ., concur.