525 P.2d 371

STATE of New Mexico ex rel. NEW MEX-
ICO WATER QUALITY CONTROL COM-
MISSION, Through its constituent agen-
cy, New Mexico Environmental Improve-
ment Agency, Plaintiff-Appellee,

v.

CITY OF HOBBS, a municipal corporation,
Defendant-Appellant.

No. 9869.

Supreme Court of New Mexico.

Aug. 9, 1974.

L. George Schubert, Hobbs, for defend-
ant-appellant.

David L. Norvell, Atty. Gen., Douglas
W. Fraser, Agency Asst. Atty. Gen., Santa
Fe, for plaintiff-appellee.

OPINION

STEPHENSON, Justice.

This is an appeal from a judgment or-
dering the City of Hobbs to extend water
lines and provide free hookups to resi-
dences, both in and outside of the city lim-
its, of Hobbs, New Mexico. The action
was brought by the New Mexico Water

Quality Control Commission, a body created under the New Mexico Water Quality Act (§ 75–39–1 et seq., N.M.S.A.1953).

In its complaint, the Commission alleged that the operation of the City's sewer plant was a public nuisance in violation of § 40A–8–1, N.M.S.A.1953; that the City was negligent in its operation of the sewage treatment plant; and that the City was strictly liable for damages caused by its operation of the sewer plant.

After trial on the merits, the trial court found that the City's operation of the sewage treatment plant allowed sewage effluent to form a mound of contaminated water about two miles in diameter in the water table under the sewage treatment facility and that this contaminated water gravitated toward water wells in the surrounding area. The court also found that the operation of the facility resulted in contamination of the underground water to such a degree that it was offensive or dangerous for human consumption or use, was injurious to public health, safety and welfare and interfered with the exercise and enjoyment of public rights, including the right to use public property. The trial court concluded that the City operated the facility in such a manner as to constitute a public nuisance within the meaning of § 40A–8–1, and also that the City was negligent in the manner in which it operated and maintained the sewage treatment facility.

The court's judgment was in the nature of a mandatory injunction requiring the City to perform certain acts of a remedial nature. The City must, inter alia:

1. Install three and one-half miles of service lines on specified routes, some of which extend beyond the city limits.

2. Stop discharging effluent at the present location and establish an alternate discharge point, or institute a program for pumping out the mound of contaminated water underneath the sewage treatment plant.

3. Improve the quality of the sewage effluent.

4. Furnish free hookup and meter connection to the potential users along the water lines required to be laid and to commence the construction within ninety days. (Some of such potential users had been taking water for domestic purposes by well pumpage from areas adjacent to or surrounded by the contaminated formation.)

5. Accomplish the requirements of the judgment within three years except as to installing the extended water lines.

The City does not claim that it is insulated from liability by governmental immunity, doubtless in recognition of our opinions holding municipal operation of sewage facilities to be proprietary in nature and an activity for which the municipality may be held accountable. White v. City of Lovington, 78 N.M. 628, 435 P.2d 1010 (1967); Pfleiderer v. City of Albuquerque, 75 N.M. 154, 402 P.2d 44 (1965); Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480 (1943). We are thus not concerned with the outmoded medievalisms embedded in our jurisprudence in the form of judicially-created sovereign immunity.

The City first contends that:

"The judgment imposed ordering the City to extend waterlines to residences in and outside the city limits, free of hookup and meter connection charges, is a donation to those property owners and is therefore unconstitutional as a violation of Art. IX, § 14."

Art. IX, § 14 is that part of our Constitution which, among other things, prohibits a municipality from making "any donation to or in aid of any person, association or public or private corporation * * *."

In support of its argument, the City relies on State v. New Mexico State Authority, 76 N.M. 1, 411 P.2d 984 (1966); State v. Lavender, 69 N.M. 220, 365 P.2d 652 (1961); State Highway Com'n v. Southern Union Gas Co., 65 N.M. 84, 332 P.2d 1007 (1958); State v. Hannah, 63 N.M. 110, 314 P.2d 714 (1957), and State v. Trujillo, 46 N.M. 361, 129 P.2d 329 (1942).

The thrust of the City's argument on this point is that the extension of the wa-

ter line and free hookups would be a gift of public money to private individuals in violation of the New Mexico Constitution.

State v. Hannah, the "hay case", typifies the City's authorities. There an appropriation of funds had been made to pay in part the state's share of emergency hay and roughage certificates issued to livestock owners as a contribution to be used in the purchase of hay for foundation herds in cooperation with the United States Department of Agriculture.

This court, speaking through Mr. Justice McGhee, held the appropriation of public funds for that purpose to be an impermissible violation of Art. IX, § 14.

None of these cases can have the slightest application here. None of them involved consideration of remedies for civil wrongs committed by the state or its subdivisions. Here the court found:

"That the sewage treatment facility is operated and maintained by the City of Hobbs in a manner which results in the contamination of the underground water to such a degree that it is offensive or dangerous for human consumption or use and is injurious to public health, safety and welfare and interferes with the exercise and enjoyment of public rights, including the right to use public property."

The court concluded that the City, by causing the body of public underground water to become offensive and dangerous for human consumption or use, had created a public nuisance within the meaning of § 40A–8–1, N.M.S.A.1953. It then fashioned relief in the nature of a mandatory injunction requiring abatement of the nuisance by performance of certain "acts of a remedial nature." Such acts included the hookups of which the City complains.

■ The only similarity between the cases relied upon by the City and this case is that all involved the expenditures of public funds. But here there is certainly no "donation". Art. IX, § 14 was never intended as a shield against responsibility for wrongful acts.

■ There is no question but that a municipality may be held responsible for negligence or, more particularly, for the creation of nuisances in relation to the operation of its sewer facilities. Aguayo v. Village of Chama, 79 N.M. 729, 449 P.2d 331 (1969); Barker v. City of Santa Fe, supra. In Barker, this court quoted with approval from McQuillin on Municipal Corporations:

"Nor can the municipality itself create and maintain a nuisance which results in injury to person, or inflicts or involves damage to private property, without subjecting itself to civil liability for its wrongful and unlawful act, * * * * and this is true regardless of the fact whether or not the thing done or omitted resulting in the nuisance constituted negligence; * * * *."

And the court further quoted from White on Negligence of Municipal Corporations, § 110:

"Courts have frequently declared that a municipal corporation has no more right to create or maintain a nuisance than a private individual has, and that an action may be maintained against such a corporation for injuries occasioned by a nuisance created or maintained by it, in any case in which, under like circumstances, an action could be maintained against an individual. In the creation of a nuisance a city does not exercise a governmental function, but is doing something forbidden by law."

■ The City secondly claims trial court error in the conclusion that the City was negligent in its operation of the sewage treatment facility because the finding of negligence has no support in the record. We are not concerned with whether the finding of negligence is or is not supported by the record, and will express no opinion on this subject. The City failed to challenge, brief, or argue that the findings and conclusions of the trial court as to the City's creation of a nuisance are erroneous. Findings that are not challenged are binding upon this court on appeal. State ex

rel. State Highway Commission v. Sherman, 82 N.M. 316, 481 P.2d 104 (1971); Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1969). In a case in which findings of fact are unchallenged, facts so found are binding upon the reviewing court and judgment of the trial court must be affirmed if sustained by those facts. Dunson Contractors, Inc. v. Koury, 76 N.M. 723, 418 P.2d 66 (1966).

We will not consider asserted errors which, if determined to exist, would have no effect upon the result reached by the trial court. Grants State Bank v. Pouges, 84 N.M. 340, 503 P.2d 320 (1972).

Finding no error, the Judgment and Order of the Court is affirmed.

It is so ordered.

McMANUS, C. J., and MARTINEZ, J., concur.