579 P.2d 787

**WINROCK ENTERPRISES, INC.,**
**Plaintiff-Appellee,**

v.

**HOUSE OF FABRICS OF NEW MEXI-CO, INC., and House of Fabrics, Inc.,**
**Defendants-Appellants.**

**No. 11653.**

Supreme Court of New Mexico.

May 10, 1978.

Modrall, Sperling, Roehl, Harris & Sisk, Judy A. Fry, Albuquerque, for defendants-appellants.

Rodey, Dickason, Sloan, Akin & Robb, John P. Burton, Albuquerque, for plaintiff-appellee.

## OPINION

EASLEY, Justice.

Plaintiff-appellee, Winrock Enterprises, Inc. (Winrock) sought a permanent injunction to prevent defendants-appellants, House of Fabrics of New Mexico, Inc. and House of Fabrics, Inc. (House of Fabrics) from conducting business in Coronado Shopping Center in violation of a lease agreement between the parties which restricted House of Fabrics from establishing a competing business within a radius of two miles from the Winrock Shopping Center.

The trial court granted the injunction. We affirm.

House of Fabrics contends that the radius clause is void because it constitutes an unreasonable restraint of trade and that, even if the clause is valid, Winrock failed to prove the necessary harm which would warrant injunctive relief.

The parties stipulated to the facts. The lease provided for a minimum rent plus a percentage of the gross income from sales above a certain amount. The sales of House of Fabrics had never reached a large enough volume to require payment of any percentage rent. Approximately ninety percent of the businesses in Winrock Shopping Center have the same or similar radius clauses. Almost all of the tenants*pay a percentage rent to Winrock. A few of the businesses were successful in obtaining waivers from Winrock which permitted establishment of additional businesses with the radius.

In 1975 House of Fabrics leased space in Coronado Shopping Center for a term of fifteen years at a minimum annual rental of $22,627.00. The company was operating this business at the time suit was filed.

It was stipulated that Winrock was unable to determine with certainty any lost rent or customers as a result of House of Fabrics having opened the store in Corona-

do Center, and therefore injunctive relief was sought rather than damages in this action.

House of Fabrics argues that no contractual restraint of trade is enforceable unless the agreement embodying it is merely ancillary to some lawful contract and is necessary to protect the covenantee in the enjoyment of the legitimate fruits of the contract, or to protect him from the dangers of an unjust use of those fruits by the other party. *Nichols v. Anderson*, 43 N.M. 296, 92 P.2d 781 (1939); *Gonzales et al. v. Reynolds, et al.*, 34 N.M. 35, 275 P. 922 (1929); *Gross-Kelly & Co. v. Bibo*, 19 N.M. 495, 145 P. 480 (1914); *Hedrick v. Perry*, 102 F.2d 802 (10th Cir. 1939); *United States v. Addyston Pipe & Steel Co.*, 85 F. 271 (6th Cir. 1898). It is further claimed that the radius clause in this case is unnecessary to protect Winrock's interest, and is therefore unenforceable.

In effect, House of Fabrics is contending that, since the radius clause is not necessary to protect Winrock, the restriction is an unreasonable restraint of trade and is void.

This argument ignores an unchallenged finding of fact by the court that the radius clause in this case "is reasonable in time, distance and purpose." Findings that are not challenged are binding upon this Court on appeal. *State ex rel. N. M. Water Qual. C. C. v. City of Hobbs*, 86 N.M. 444, 525 P.2d 371 (1974); *State ex rel. State Highway Commission v. Sherman*, 82 N.M. 316, 481 P.2d 104 (1971). Furthermore, in the event that a proper challenge had been made, it is readily apparent from the record that there is substantial evidence to support this finding of the court.

The legal authorities presented by House of Fabrics do not persuade us that the agreement for a radius restriction constitutes an unreasonable restraint of trade. Winrock claims that not a single case was found that held such a clause to be void under circumstances similar to those in the instant case.

In obtaining the tremendous sums of money necessary to construct shopping centers, the developers have utilized the two useful devices of radius clauses and percentage rent. Percentage rent, being based on the gross sales volume in each store, was developed for the protection of both parties from losses incurred because of fluctuations in the economy over the term of the lease. As a necessary corollary, the developer relies upon a radius clause so that the tenant is prevented from having a site too close to the shopping center which would necessarily pull customers away from the shopping center site and reduce the percentage rent that would ordinarily be payable. The radius clause is a genuine necessity for the shopping center developer. *See*, Eagle, *Shopping Center Control: The Developer Besieged*, 51 J.Urb.L. 585, 620 (1974). Professor Eagle, *id.*, states that "radius restrictions are a common and accepted practice, both generally under the common law and within the context of the shopping center industry."

Radius restrictions serve a legitimate business purpose. Since the success of a shopping center depends upon the attraction to one area of a wide selection of business establishments to serve the needs of the public, the radius clauses serve a useful purpose in protecting the interest of the landlord and the other tenants in the flow of traffic to the store of each individual tenant. *See Savon Gas Stations Number Six, Inc. v. Shell Oil Company*, 309 F.2d 306, 309 (4th Cir. 1962), *aff'g* 203 F.Supp. 529 (D.Md.1962), *cert. denied*, 372 U.S. 911, 83 S.Ct. 725, 9 L.Ed.2d 719 (1963).

House of Fabrics has paid no percentage rent and claims that this fact requires that the radius clause be invalidated. There are approximately ten years left to run on the contract. There is no showing that during that ten year period there would be no percentage rent paid by House of Fabrics if the radius clause is enforced. Voiding the agreement for this reason is not logical or reasonable.

We hold that the contractual restraint is enforceable. The covenant embodying it is merely ancillary to a lawful

lease of the premises. It is necessary to protect Winrock in the enjoyment of the legitimate fruits of the contract and is no broader than is necessary to protect Winrock from the dangers of an unjust use of those fruits by House of Fabrics. *Addyston Pipe & Steel Co., supra; Nichols v. Anderson, supra; Gross-Kelly, supra.*

The restriction is valid since no injury to the public was contemplated and, while one purpose of the agreement was to restrict competition, the restriction was reasonably limited in time and place and was subsidiary to the main purpose of the lease agreement. *Hedrick, supra*, at 807.

*Necessity of Evidence of Harm to Invoke Injunctive Relief*

Another claim of House of Fabrics is that Winrock must show some actual injury or harm measurable in damages emanating from the operation of the company store in Coronado Center. This is incorrect. *Ingram v. Phillips Petroleum Company*, 259 F.Supp. 176 (D.N.M.1966). Where injury is threatened, there need be no showing of the precise measured amount of actual harm. A showing of a serious threat of imminent harm is sufficient where such harm will result in irreparable injury. *Ingram, supra; R. M. Sedrose, Inc. v. Mazmanian*, 326 Mass. 578, 95 N.E.2d 677 (1950). Where the imminent harm or conduct is or will be of a continuous nature, the constant recurrence of which renders a remedy at law inadequate, except by a multiplicity of suits, then the injury is irreparable at law and relief by injunction is therefore appropriate. *Kennedy v. Bond*, 80 N.M. 734, 460 P.2d 809, 813 (1969).

The maintenance of a competing store within the proscribed radius is a continuous injury to Winrock which warrants injunctive relief. There was no abuse of discretion by the trial court in granting the injunction sought herein. *Penn. v. San Juan Hospital, Inc.*, 528 F.2d 1181 (10th Cir. 1975). Its action is hereby affirmed.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, J., concur.