This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38930**

**WENDY IRBY,**

Plaintiff-Appellant,

v.

**HECTOR BALDERAS, New Mexico
Attorney General in his official capacity,
and PATRICIA SALAZAR, Records
Custodian for Hector Balderas, New
Mexico Attorney General,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Bryan P. Biedscheid, District Judge**

Western Agriculture, Resource and Business Advocates, LLP
A. Blair Dunn
Jared R. Vander Dussen
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Nicholas Sydow, Civil Appellate Chief
Erin Lecocq, Assistant Attorney General
Santa Fe, NM

for Appellees

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Plaintiff Wendy Irby appeals the district court's order granting summary judgment in favor of Defendants Hector Balderas, New Mexico Attorney General, and Patricia Salazar, records custodian for the Office of the Attorney General (collectively, the OAG). In granting summary judgment, the court determined that redacted portions of invoices for work performed by a law firm hired by the OAG were exempt from disclosure as attorney-client privileged and/or protected attorney work product under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2019).[1] Because Irby does not persuade us of error, we affirm.[2]

## BACKGROUND

**{2}** Irby made an IPRA request of the OAG for, in relevant part, "[a]ll billing records including invoicing and payments for services provided to the [S]tate of New Mexico, Attorney General's Office by the Robles, Rael and Anaya Law firm from 2016-2018." According to the OAG, the Robles firm represented the State in ongoing litigation in the United States Supreme Court, involving water rights to the Rio Grande. In response to the request, the OAG sent Irby 200 records, including hundreds of pages of invoices. The portions of the invoices describing the services rendered were redacted in their entirety as attorney-client communications and attorney work product, but the attorneys' names and billing rates, dates of service, and time and amounts billed were not redacted.

**{3}** Irby brought a complaint in district court alleging the redactions were contrary to IPRA and asking the court to order the OAG to produce the requested material without redaction. Following Irby's unsuccessful motion for summary judgment, the OAG filed a motion for summary judgment, arguing principally that, because the litigation was ongoing and active,[3] the narrative portions of the invoices were attorney-client privileged and protected attorney work product and therefore exempt from IPRA's disclosure requirement. After conducting an in camera review of a sample of the redacted invoices, the district court granted the OAG's motion, having determined the content was "privileged and confidential."

---

[1]We cite the current version of IPRA throughout this opinion, even though some sections were amended in 2019, after the IPRA request in this case was made. *See* §§ 14-2-1, -1.1 (amended, 2019). We do so because the amendments are not material to our resolution of the issues in this case.

[2]We note that Irby's appellate arguments are nearly identical to those in a different, subsequent appeal, *Allison v. Bergman*, A-1-CA-39448, which we also resolve today. The appellants in this case and in *Allison* were represented by the same attorney in the district court and are represented by that attorney in this Court. Given the uniformity of the arguments in the two appeals, our resolution of them is similar.

[3]It appears undisputed that this litigation was ongoing at the time the OAG filed its motion for summary judgment. On appeal, however, Irby asserts several times that the litigation is now closed. Contrary to Rule 12-318(A)(3), (4) NMRA, this assertion is made without citation to the record. *See Muse v. Muse*, 2009-NMCA-003, ¶ 51, 145 N.M. 451, 200 P.3d 104 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence."). Regardless, Irby does not explain how the subsequent completion of litigation, if any, would make invalid the OAG's invocation of the attorney-client privilege and the work-product doctrine while the litigation was pending. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

**DISCUSSION**

**{4}**     IPRA provides that "[e]very person has a right to inspect public records of this state." Section 14-2-1. There are, however, exceptions; as relevant here, IPRA exempts from inspection "attorney-client privileged information," § 14-2-1(F), and other information "as otherwise provided by law," § 14-2-1(H). As a general principle, both parties appear to view attorney work product as exempt from disclosure under the catchall provision of Section 14-2-1(H).[4]

**{5}**     We review the district court's application of a privilege, as well as the grant of summary judgment, de novo. *See Breen v. N.M. Tax'n & Revenue Dep't*, 2012-NMCA-101, ¶ 21, 287 P.3d 379; *Dunn v. Brandt*, 2019-NMCA-061, ¶ 5, 450 P.3d 398. We emphasize, however, that it is the appellant's burden to persuade us that the district court erred. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8, 447 P.3d 1159 ("On appeal, there is a presumption of correctness in the rulings and decisions of the district court, and the party claiming error must clearly show error." (alterations, internal quotation marks, and citation omitted)).

**{6}**     In support of her contention that the grant of summary judgment should be reversed, Irby argues the district court erred in three essential ways: (1) in concluding the invoices were not public records; (2) in concluding the redacted material was attorney-client privileged and/or protected attorney work product; and (3) by not applying *Schein v. Northern Rio Arriba Electric Cooperative, Inc.*, 1997-NMSC-011, 122 N.M. 800, 932 P.2d 490. Addressing each argument in turn, we conclude that none merit reversal.

## I.     The Invoices as Public Records

**{7}**     Irby first contends the district court erred by "determin[ing] . . . that the invoices do not constitute a public record [subject to IPRA's disclosure requirement]." *See* § 14-2-1 ("Every person has a right to inspect public records of this state."); § 14-2-6(G) (defining "public records" as "all documents, . . . regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business"). As the OAG correctly observes, the district court made no such determination, and it is undisputed that the invoices at issue here are public records. In short, Irby's first contention is unfounded.

## II.     Applicability of Attorney-Client Privilege and Work-Product Doctrine

**{8}**     Irby next contends the district court erred in determining that the redacted material was attorney-client privileged and/or protected attorney work product,[5] arguing

---

[4]Although we are not aware of any published case holding that attorney work product is a recognized exception under Section 14-2-1(H), we espouse this viewpoint of the parties for purposes of this opinion.
[5]Although the attorney-client privilege and the work-product doctrine are distinct concepts, *see Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 38, 143 N.M. 215, 175 P.3d 309, Irby appears

the material related only to the general purpose of the work performed. Citing an out-of-state case, *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999), Irby proposes that "those parts of billing records that reflect the client's identity, the amount of the fee, the case file name, and the general purpose of the work performed are not protected" by the attorney-client privilege or the work-product doctrine. Irby goes on to presume that the redacted content reveals the general purpose of the work performed, and from that contends the attorney-client privilege and the work-product doctrine do not apply.

**{9}** Even were we to adopt the rule Irby advances, we have no way of applying it here. Irby has not ensured that the material reviewed in camera by the district court was made part of the record on appeal. *See State ex rel. N.M. Highway Comm'n v. Sherman*, 1971-NMSC-009, ¶ 6, 82 N.M. 316, 481 P.2d 104 ("A litigant seeking review of a ruling of the trial court has the duty to see that a record is made of the proceedings he desires reviewed; otherwise, the correctness of such ruling cannot be questioned."). We thus are without the means to resolve this claim of error, *cf. Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 50, 283 P.3d 853 ("The record only contains redacted versions of the emails, so it is impossible to ascertain their contents."), and have no basis for ruling in Irby's favor, *see Sherman*, 1971-NMSC-009, ¶ 6. Moreover, Irby fails to expound on her argument that the redacted material reveals only the general purpose of the work performed. In response to the OAG's argument that "the redacted information was protected attorney work product," Irby expresses disbelief and dismay at the idea that the entire narrative portion of the invoices could be work product. Irby, however, fails to advance a reasoned, supported argument corresponding to her point, and thus it does not warrant further consideration. *See Headley*, 2005-NMCA-045, ¶ 15; *ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (declining to review an issue that is not supported by authority).

**{10}** Likewise unavailing is Irby's repeated assertion that she is entitled to "the greatest possible information" when it comes to public records. *See* § 14-2-5 ("[I]t is declared to be the public policy of this state, that all persons are entitled to the *greatest possible information* regarding the affairs of government." (emphasis added)). The "greatest possible information" is not the same as "all information," as Irby seems to believe. The plain meaning of the phrase, as well as the numerous exceptions to disclosure, *see* § 14-2-1, including those at issue in this case, reveal that the public does not have unfettered access to public records.

## III.     *Schein v. Northern Rio Arriba Electric Cooperative, Inc.*

**{11}** Irby's final argument is that the district court erred by not applying *Schein*, what Irby contends is "the most analogous case from this jurisdiction," and which, according to Irby, "clearly lays out that attorney billing records may not be withheld from a member of the organization."

---

to treat them as the same. Because of this, we do not endeavor to analyze Irby's argument under each distinct concept. *See Headley*, 2005-NMCA-045, ¶ 15.

**{12}**   *Schein* involved a corporate shareholder's request for attorney billing records from two law firms that had represented the corporation. 1997-NMSC-011, ¶¶ 2, 3, 6. Under the Business Corporation Act, NMSA 1978, §§ 53-11-1 to -51 (1967, as amended through 2003), shareholders have the right to inspect a corporation's books and records for any proper purpose. *See Schein*, 1997-NMSC-011, ¶ 12 (citing § 53-11-50). In *Schein*, the corporation provided the requested billing records, but redacted the narrative portions of the bills, claiming attorney-client privilege. *Id.* ¶¶ 6, 9, 19. The district court reviewed the redacted portions in camera, concluded they were not privileged, and thereby ordered their disclosure to the shareholder. *Id.* ¶¶ 7-8. In reviewing the propriety of the district court's decision, our Supreme Court pointed out that "[c]orporate documents that are subject to the attorney-client privilege may be withheld from shareholders," *id.* ¶ 19, but, in light of the district court's determination that the redacted material at issue in the case was not confidential, concluded the material was not protected by the privilege, *id.* ¶ 20.

**{13}**   In support of her contention that *Schein* compels reversal in this case, Irby argues, as best we can tell, that a citizen of New Mexico is analogous to a shareholder of a corporation and therefore should have access to attorney billing records like shareholders do. Irby's argument is flawed in two major respects. First, *Schein*'s holding that shareholders are entitled to corporate documents is based on the Business Corporation Act. *See id.* ¶ 12 (citing § 53-11-50). That act is not applicable to this case, and therefore *Schein* is not on point: it says nothing about the right to inspect government documents.[6] Second, even if Irby were somehow analogous to the shareholder in *Schein*, that circumstance would not compel disclosure of the redacted material at issue here. *Schein* emphasized that documents subject to the attorney-client privilege may be withheld from shareholders. *See* 1997-NMSC-011, ¶ 19. No such documents existed in *Schein* because the district court found "no indicia of confidentiality" when it examined the redacted information in camera. *Id.* ¶ 20. The district court here, in contrast, concluded the redacted material was "privileged and confidential" and, as discussed, Irby has not convinced us that ruling was erroneous. In sum, *Schein* does not compel reversal in this case.

## CONCLUSION

**{14}**   For the foregoing reasons, Irby does not persuade us that the district court erred in granting summary judgment. We therefore affirm.

---

6To the extent Irby claims, separately from her *Schein*-based argument, that, as a citizen of the State of New Mexico or a taxpayer who "ultimately paid for" the services performed by the OAG's contract counsel, she (along with every other New Mexico citizen and taxpayer) is a client of that counsel and, as such, is granted the privileges recognized by the district court, Irby cites no authority in support of the proposition. *See* Rule 11-503(A)(1) NMRA (defining "client" as "a person, public officer, corporation, association, or other entity *who consults with, seeks advice from, or retains the professional services of a lawyer or a lawyer's representative*" (emphasis added)). Consequently, we do not entertain this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that we assume no authority exists where none is cited in appellate briefing and that "[i]ssues raised in appellate briefs which are unsupported by cited authority will not be reviewed . . . on appeal").

**{15}** IT IS SO ORDERED.

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**